UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                CRIMINAL NO. 20-20159

v.                                    HON. DAVID M. LAWSON

MICHAEL McSHAN,

      Defendant.

---

**United States' Response to Defendant's Third Motion for
Revocation of Detention Order
(Doc. 66)**

---

Michael McShan sexually exploits children.  He also violently abuses the young women he dates and forces them to work on his illegal marijuana grow operation.  Nothing has changed since the last time McShan moved for bond that would warrant reopening the hearing.  For the reasons stated in the United States' briefs (Docs. 20, 37, 41, and this one), this Court should deny McShan's renewed motion for bond pending trial.

                                  SAIMA S. MOHSIN,
                                  Acting United States Attorney

s/ Margaret M. Smith
MARGARET M. SMITH
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9135
Dated: October 19, 2021                                        E-Mail: margaret.smith@usdoj.gov
Bar No. P71413

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       CRIMINAL NO. 20-20159

v.                                HON. DAVID M. LAWSON

MICHAEL McSHAN,

        Defendant.

---

**United States' Brief in Support of its Response to
Defendant's Third Motion for Revocation of Detention Order
(Doc. 66)**

---

Defendant Michael McShan faces multiple charges relating to the production and receipt of child pornography, online enticement, and obstruction of justice. The United States incorporates its prior responses to McShan's motion for revocation of detention order, as well as all the exhibits, into this response. (Docs. 20, 37, 41).

I.    **Background and Procedural History**

Arrested on a criminal complaint the day of the search warrant execution, a grand jury subsequently indicted McShan on charges related to the production and receipt of child pornography. At the initial detention hearing, the magistrate court

3

found that McShan was both a flight risk and a danger to the community.  MV-1 and

MV-2's parents also penned a letter to the Court, asking for McShan's detention.

The magistrate court ordered him detained.

In May, McShan filed a motion for revocation of his detention order.  (ECF

No. 17). After a hearing, this Court denied the motion in a written opinion and order.

(ECF No. 26).  This Court concluded that, based on all the information submitted by

the parties, "no condition or combination of conditions would assure the appearance

of the defendant as required and the safety of the community, and the defendant has

not shown that his personal health conditions coupled with the conditions in the

detention facility qualify as a compelling reason for release."  (ECF No. 26, Page

ID. 384).

This Court denied his second motion for revocation of his detention order, but

indicated that it would be willing to review the matter again closer to trial if the

situation at the jail facilities remained the same.  McShan now moves again for

revocation of his detention order, arguing that he cannot effectively prepare for trial

under the current circumstances. (ECF No. 35, Page ID. 428).  His motion should be

denied.

## II.     Law and Argument

McShan seeks release under 18 U.S.C. § 3142(i), which permits a judicial officer to "permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."   But McShan cannot demonstrate he is entitled to relief because not only has the Sanilac County Jail been "open for business," but other accommodations can be made to allow trial preparation without releasing McShan.

### A.     Release is not necessary for defense preparation.

This Court may permit the temporary release of a defendant if it determines that release is "necessary for the preparation of his defense or for another compelling reason."   18 U.S.C. § 3142(i).   The defendant bears the burden of establishing circumstances warranting temporary release.   But, according to the Sixth Circuit, the release must be "temporary, no longer than needed to complete the preparations or to resolve the other compelling circumstances." *Bothra*, 2020 WL 2611545 at *2.

There is limited authority on what conditions require release for defense preparation.   The *Bothra* panel noted that other courts have looked at "(1) the time and opportunity the defendant had to prepare for the trial and participate in his defense; (2) the complexity of the case and volume of information; and (3) the expense and inconvenience associated with preparing while incarcerated." *Bothra*,

2020 WL 2611545 at *2.  Temporary release is unwarranted when a defendant "has had ample time to prepare his defense, even given the practical limitations on his access to telephones and the Attorney Conference Room."  *Id*. (internal citations omitted).

Defendant has had time and opportunity to discuss his defense.  McShan makes no claim that he has been denied access to his attorney via phone or video conference.  Sanilac County Jail continues to allow for unlimited Zoom calls and jail calls for purposes of trial preparation.  And Sanilac County Jail resumed in person visits months ago for fully vaccinated individuals.

Other arrangements can be made if this Court determines that the Sanilac County Jail cannot accommodate reasonable trial preparation.  For example, in *United States v. Peterson*, No. 17-20642, the Court ordered the USMS to move the defendant to the Wayne County Jail in order to facilitate daily visits by defense counsel.  The Court also signed an order allowing defense counsel to leave a laptop computer in the facility so defendant could review discovery.  Another option that undersigned counsel has seen in previous trials includes the Court ordering the USMS to bring the defendant to the lock up facilities each day for trial preparation.  The United States would be willing to assist defense counsel in coordinating and redacting certain materials to provide to the defendant to review on a disk at the jail facility under controlled protocols.  *See also, United States v. You*, 2020 WL

3867421 (6th Cir. May 15, 2020) (reversing a district court's revocation of prior

detention order).

### B. The factors under 18 U.S.C. §3142 warrant continued detention.

But more importantly, the factors under §3142 warrant his continued

detention.  For all the same reasons stated in the United States' prior filings, McShan

is both a flight risk and a danger to the community. McShan has already been

charged with obstructing justice for forcing his former girlfriend (Madison) to pen a

confession to the production of child pornography count.  The stakes have never

been higher for McShan.  And the fact that Madison will be testifying for the

government in this case makes her a target for his rage, anger, and manipulation.

Not only that, but in preparation for his expected bond, McShan has repeatedly

called his mother figure (Clairece) to prepare his aunt's basement for his return.  He

has instructed her to box up all of his "commercial" marijuana grow equipment and

mislabel the boxes as "dishes" so that Pretrial Services would not know of the true

contents.[1]  Moreover, as recently as last week, Defendant had Clairece looking

online and ordering new marijuana seed packets, presumably to start his illegal grow

business upon his return home.

Pretrial Services still believes McShan to be a flight risk and a danger to the

community, and so does the United States.

---

[1] Jail calls can be provided upon request.

## III. Conclusion

McShan should remain detained pending trial.


Respectfully submitted,

SAIMA S. MOHSIN,
Acting United States Attorney

s/Margaret M. Smith
Margaret M. Smith
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9135
e-mail: margaret.smith@usdoj.gov



Dated:      October 19, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

s/*Margaret M. Smith*
Margaret M. Smith
Assistant U.S. Attorney
United States Attorney's Office