# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA,**

    Plaintiff,

Case No. 20-20159
Hon. David Lawson

v.

**MICHAEL MCSHAN,**

    Defendant.

_____/

| | |
|---|---|
| DAVID M. BURGESS (P58557) | MARGARET SMITH |
| Attorney for Defendant | Assistant U.S. Attorney |
| 1360 Porter Street, Suite 260 | 211 W. Fort Street, Suite 2001 |
| Dearborn, MI 48124 | Detroit, Michigan 48226 |
| (313) 961-4382 | (313) 226-9135 |
| David29_1999@yahoo.com | margaret.smith@usdoj.gov |

_____/

## **DEFENDANT'S SENTENCING MEMORANDUM**

Michael McShan was convicted at trial of all five counts contained in the Indictment. Counts one and two both have mandatory minimum sentences of 15 years and a maximum of 30 years. Count four does carry up to life in prison, and counts three and five carry shorter sentences. All five charges can carry a concurrent sentence. Unfortunately, the probation department correctly scored the advisory sentencing guidelines at life in prison, but the defense will be asking for a significant downward variance for the reasons contained herein.

After the Supreme Court's decision in United States v Booker, 125 S.Ct.

738 (2005), and its progeny, the lower courts seem to suggest that the following methodology be used in determining what sentence should be imposed in a particular case. The court should first determine the applicable advisory guideline range. The court must then determine whether any departures from the advisory guideline range apply. Lastly, the court must then consider the factors set forth in 18 U.S.C. 3553(a) in arriving at an appropriate sentence. As the Sixth Circuit has said, once the guideline range is calculated, The district court throws this ingredient into the section 3553(a) mix, considering, as Booker requires, the minimally sufficient mandate and other factors relevant to the case. United States v McBride, 434 F.3d 470, 476 (6th Cir. 2006).   See also, Gall v United States, 128 S.Ct 586 (2007).

U.S.C. §3553(a) FACTORS

Post-Booker, the district court's mandate at sentencing is to impose "a sentence sufficient, but not greater than necessary to comply with the purposes of §3553(a)". United States v. Collington, 461 F3d 805 (6th Cir. 2006). Further, it is the responsibility of the court to fulfill "the core mission of the Booker remedial opinion by ensuring that it is exercising independent judgment in sentencing criminal defendants within statutory limits." United States v. Buchanan, 449 F3d 731, 740 (Sutton concurring) (6th Cir. 2006). In carrying out this responsibility, the Court must calculate the advisory

guideline range and then "[throw] this ingredient into Section 3553(a) mix." United States v. McBride, 434 F3d 470, 476 (6th Cir. 2006).

According to the court in Collington, the §3553(a) (2) factors to be considered include "the seriousness of the offense, deterrence of future crimes, protection of the public from future crimes of the defendant, and providing the defendant with needed training or correctional treatment." Id at p 807. 18 U.S.C. §3553(a) requires this Court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant

   (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; and

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

   (A) the applicable category of offense committed by the

applicable category of defendant as set forth in the guidelines.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Booker directs courts to consider all of the §3553(a) factors, many of which the guidelines either reject or ignore. For example, under §3553(a)(1), a sentencing court must consider the "history and characteristics of the defendant". However, under the guidelines, courts are generally forbidden to consider many of the factors that relate to a person's history and character. See U.S.S.G. §5H1.1 - 5H1.12. Prohibiting consideration of these factors cannot be squared with the §3553(a)(1) requirement that the court evaluate the "history and characteristics" of the defendant. Thus, in cases in which a person's history and character are positive, consideration of all these factors might call for a sentence outside the usual guideline range.

In United States v. Grossman, 513 F3d 592 (6th Cir. 2008), the Sixth Circuit affirmed the lower court's substantial downward variance. The District Court faced with a guideline range of 135-168 months varied downward and imposed a sentence of 66 months custody. In making such a variance, the sentencing court found that the recommended guideline sentence "was not reflective of what [the defendant] did." The court weighed the other

§3553(a) factors and concluded that they also supported the variance. The Sixth Circuit, in upholding the variance, found it procedurally and substantively reasonable. In doing so, Judge Sutton, writing for the Court, observed that *the District Court had considered both the guidelines and the §3553(a) factors, and then based its decision on rationally based, individualized considerations.* (Emphasis added). The district court can also make independent assessments to justify an individualized sentence determination. In Rita v United States, 127 SCt 2456, 2458, the Supreme Court held that the district courts can conclude that the guideline sentence fails to reflect 18 U.S.C. §3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is appropriate "regardless."

Booker breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the §3553(a) factors to the criminal defendants that come before them. If there is a pattern that emerges from *Rita, Gall* and *Kimbrough*, it is that the district court judges were vindicated in all three cases, and a court of appeals was affirmed just once-and that of course was when it deferred to the on-the-scene judgment of the district court. *United States v Vonner,* 516 F.3d 382, 392 (6th Cir.) (en banc), *cert. denied*, U.S. , 129 S.Ct.68, L.Ed.2d (2008).

Variances are an important part of the sentencing process because they offer the opportunity to ameliorate, at least in some aspects, the rigidity of the Guidelines themselves. Many courts have held that district judges need not shrink from utilizing variances when the opportunity presents itself and when the circumstances require such action to bring about a fair and reasonable sentence. Sentencing is a difficult art and it is easy to make it mechanical. However, what it should be is an act of reason by the Judge looking at a particular person and the circumstances of the crime this person has committed and then making a judgment. United States v. Dominquez, 296 F3d 192, 196 n.7 (3rd Cir. 2002) ("The Guidelines do not require a judge to leave compassion and common sense at the door to the courtroom".); United States v. Meyers, 353 F. Supp. 2d 1026, 1027 (S.D. Iowa 2005) "if the 600-plus pages of the most recent set of sentencing guidelines have taught us anything, it is that punishment cannot be reduced to an algorithm."; United States v. Biheiri 356 F. Supp. 2d 589 (E.D. Va. 2005) "fashioning a just sentence cannot be reduced to a mere arithmetical exercise and that reliance solely on numbers, quantities, offense levels, criminal history categories, and matrices produce an illusory precision that obscures the fact <u>that sentencing in the end, must involve the exercise of judgment</u>". (Emphasis added).

The fundamental rule for federal sentencing is that it shall result in "a

sentence sufficient but not greater than necessary, to comply" with the requirements of the §3553(a) factors. 18 U.S.C. §3553 (a)(2).

In this case, Mr. McShan respectfully suggests that the following factors should be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing in this case.

HISTORY AND CHARACTERISTICS OF MR. MCSHAN

Mr. McShan is a twenty-eight-year-old man. He is a lifelong resident of the State of Michigan, where he has many ties to the community in the form of family and friends. He has the support of his family and friends who are aware of his situation and are available to help him in any way they can.

Mr. McShan was brought up by his stepmother, Clarice Thompson because his mother was unable to raise him due to serious substance abuse issues. Mr. McShan never knew his father. The father figure that was there when Mr. McShan was growing up was abusive to him, his siblings and step siblings and Ms. Thompson. This was the only male role model Mr. McShan really had growing up and probably contributed toward his history of abusive treatment of women.

Mr. McShan has been in custody since his first appearance in this matter. While in custody, he has had time to reflect on his life decisions, his poor choices and his plans for the future. I believe that his time in custody has

allowed him to not only reflect upon his previous actions that brought him to this point in life, but has allowed him to formulate a plan for success when he is eventually released. I do believe that the time in custody to date has allowed Mr. McShan the appropriate time to not only properly reflect on his previous actions, but has allowed him to create the appropriate philosophy on how to conduct his life in the future to avoid this conduct from occurring again.

NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. McShan was brought to trial in this case and convicted on serious charges that are really not reflective of the kind of person he is based on his history and characteristics.

Mr. McShan has no prior felony convictions though he does have a history of physically abusing the women in his life. He has never had or even been charged with any sexually related offenses prior to this case. There was no cache of child pornography recovered on any of the numerous devices seized in this case. In fact, the one video offered in this case was not even recovered from any of Mr. McShan's devices. Even the government admitted at times that this lack of other instances of child pornography was atypical of the type of person usually charged with the types of crimes in this matter. The video in question does not even meet the definition of child pornography as defense counsel argued in a pretrial motion in this matter.

The government did operate from several presumptions which were

arguably backed up by some of the evidence presented, and though the defense does respect the jury's verdict, just the nature of the charges against Mr. McShan make it virtually impossible for a jury to remain objective to all parties. There was nothing untoward or objectionable as to how the trial proceeded, but once these types of allegations become heard, the presumption of Mr. McShan's innocence became hard to maintain.

Mr. McShan, both in his life and in this case, has been an abusive and unkind person, especially toward the women in his life, and he should be sentenced accordingly, but Mr. McShan, neither in his past nor in this case, really fits the profile of the typical sex offender. The statutes Mr. McShan has been convicted of in this case, were not meant for people like Mr. McShan. He is not a person who deserves sympathy or understanding for his actions, but he does still need to be sentenced considering the nature and circumstances of not only the offenses but the underlying facts and circumstances in this particular case.

<u>SERIOUSNESS OF THE OFFENSE, RESPECT FOR LAW AND JUST PUNISHMENT</u>

Section 3553(a)(2)(A) requires the Court to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Thus, the seriousness of the offense may be lessened, for example, if the crime was not

violent. See 28 U.S.C. § 994(j). A sentence that is excessive in light of the seriousness of the offense promotes disrespect for law and provides unjust punishment. In August of 2003 Justice Anthony Kennedy gave a speech at the ABA Annual Meeting in San Francisco where he stated:

Our resources are misspent, our punishments too severe; our sentences too long... the sentencing guidelines are responsible in part for the increased terms… [and they] should be revised downward.

On February 14, 2007 Justice Kennedy again addressed this issue when he testified before the Senate Judiciary Committee and stated:

Our sentences are too long, our sentences are too severe; our sentences too harsh... there is no compassion in the system. There's no mercy in the system.

In United States v Bannister, 786 F. Supp.2nd 617 (E.D.N.Y.2011) the court addressed the length of the prison sentences in the United Sates:

The increased prison population is due in large part to longer sentences. For the same crimes, American prisoners receive sentences twice as long as English prisoners, three times as long as Canadian prisoners, four times as long as Dutch prisoners, 5 to 10 times as long as French prisoners, and five times as long as Swedish prisoners. Yet these countries' rates of violent crime are lower than ours, and their rates of property crime are comparable.

A reasonable and fair sentence, along with a broad array of restrictions and

a lifetime of collateral consequences, reflects the seriousness of the offense promotes respect for the law and provides just punishment. *See* 18 U.S.C. §3553(a)(2)(A). A host of other penalties and burdens always attend criminal conviction, to name a few: losses of family life, of socioeconomic status, of employment and career opportunities; diminution of certain civil rights and entitlements; and countless humiliations and indignities commonly associated with a conviction.

## DETERRENCE TO CRIMINAL CONDUCT

Section 3553(a)(2)(B) requires the Court to consider "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." There is no evidence that increases in sentence length reduces crime through deterrence. "Three National Academy of Science panels, all appointed by Republican presidents, reached that conclusion as has every major survey of the evidence." Michael Tonry, *Purposes and Functions of Sentencing*, 34 Crime and Justice: A review of Research 28-29 (2006).

## PROTECTION OF THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

Section § 3553(a)(2)(C) requires the Court to consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." This purpose has to do with both the defendant's risk of recidivism and the danger posed by the defendant, if any. It "is particularly important for

those offenders whose criminal histories show repeated serious violations of the law." S. Rep. No. 98-225 at 76 (1983). It is not so important for first offenders, for those with limited criminal histories, for those who have little risk of recidivism, or for those who have a strong potential for rehabilitation.

The likelihood that a defendant will engage in future criminal conduct is a central factor that district courts must assess when imposing a sentence. Mr. McShan has to at least serve fifteen years based on the crimes of which he was convicted. He will be almost fifty years old when he is released if this Court were to sentence him to the fifteen-year mandatory sentence. It is a statistical fact that people are less likely to engage in criminal conduct in their later years. By the time Mr. McShan is released, he will have had time to both reflect on his actions, and mellow with age. The likelihood of him reoffending is remote for all of the reasons stated above.

KINDS OF SENTENCES AVAILABLE

Courts must now consider all of the "kinds of sentences available" by statute, Section § 3553(a)(3), even if the kinds of sentence . . . established [by] the guidelines" permit or encourage only prison. *See* Gall v United States, supra at 602 & n.11 (2007).

Congress expected that the threshold question in most cases would continue to be whether prison was necessary. It instructed judges as follows:

> The court, in determining *whether* to impose a term of imprisonment, and, *if* a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment *is not an appropriate means of promoting correction and rehabilitation*.

18 U.S.C. § 3582(a) (Emphasis added).

It directed the Commission to "ensure that prison resources are, first and foremost, reserved for those violent and serious criminal offenders who pose the most dangerous threat to society" while permitting "*increased* use of restitution, community service, and other alternative sentences" in all other cases. *See* Pub. L. 98-473 §239, 98 Stat. 1987, 2039 (1984) (emphases added). Congress identified when some term of imprisonment should be imposed, and encouraged the use of non-prison alternatives in between. *See* 28 U.S.C. § 994(j).

Even if you commit a non-violent offense, a person could very well face a life sentence of sorts because the stigma of a felony conviction will follow that person for the rest of his or her life. United States v Smith, 683 F.2d 1236, 1240 (9th Cir. 1982).

"The stigma of a felony conviction is permanent and pervasive." Most states bar many felons from working in a wide variety of jobs and professions, severely restricting employment opportunities. The stigma of a felony conviction is both permanent and pervasive. "A felony conviction

irreparably damages one's reputation." United States v Wulff, 758 F.2d 1121, 1125 (6th Cir. 1985).

In this case, Mr. McShan does not need to be incarcerated for a period of time over the mandatory minimum of fifteen years for this Court to fashion a fair and reasonable sentence that comports with the 3553(a) factors listed above. He understands that he is facing a minimum sentence of fifteen years and he is respectfully asking the Court for a fifteen-year sentence of incarceration with any other conditions this Court deems appropriate.

Respectfully submitted,

/s/ David M. Burgess
DAVID M. BURGESS (P58557)
1360 Porter Street, Suite 260
Dearborn, MI 48124
(313) 961-4382
E-mail: david29_1999@yahoo.com

Dated: March 10, 2022

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA,**

    Plaintiff,

Case No. 20-20159
Hon. David Lawson

v.

**MICHAEL MCSHAN,**

    Defendant.

_____/

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN) ) ss
COUNTY OF WAYNE )

    I hereby certify that on March 10, 2022, I electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court using the ECF system.

    /s/David M. Burgess
    DAVID M. BURGESS